

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| JENNY DENTON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:06-0576-HFF-BHH |
| | § | |
| ORIAN RUGS, INC., | § | |
| MCTHREE INDUSTRIES, and | § | |
| BAJONG CARPETS, NV, | § | |
| Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a job discrimination action. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and other applicable statutes. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court deny the motions to set aside the entry of default filed by Defendant McThree and Bajong Carpets (Defendants). The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 17, 2007, and Defendants filed their objections on May 31, 2007. Plaintiff filed a reply to the objections on June 4, 2007. The Court will briefly address the objections below.

Defendants contend that the Magistrate Judge erred in stating "that [D]efendants did nothing at all from the time of entry of default on October 26, 2006[,] until February 9, 2007." (Defs.' Objs. 3) (internal quotation marks omitted). In support of this argument, Defendants submitted with their objections a copy of a letter, dated November 13, 2006 (the letter), from Mr. Henry S. Knight, Jr., Counsel for Defendants (Counsel) to the Magistrate Judge. In the letter, Counsel (1) states that he had been retained by Defendants ten days earlier (November 3, 2006) to represent them in this matter and (2) requests an additional nine days to file a response to the Notice of Default. (Letter 1.)

As a preliminary matter, the letter was not previously filed with the Court and there is no record that the Magistrate Judge granted the request for additional time to file a response. Nevertheless, assuming that the Magistrate Judge received the letter and granted the nine-day extension, the Court observes that Defendants neither filed a response within the nine-day period nor requested more time in which to do so.

Moreover, the assertions in the letter appear to contradict statements made in other submissions to the Court regarding when Counsel was retained by Defendants. Not until Defendants submitted their objections to the Report did they argue that Counsel had been retained on November 3, 2006, and that, as of November 13, 2006, Counsel had "confirmed the representation in writing." (Letter 1.) Previously, Stefaan Duchi, Managing Director of Defendant McThree Carpets,

represented to the Court that he "retained [Counsel] to represent McThree Carpets in this matter . . . and we reached agreement on the terms of his representation on December 5, 2006." (Duchi Aff. ¶ 7.) This seeming contradiction may be explained, however, as being due to complications "in establishing a communications protocol with [Defendants'] attorney in Belgium." (Defs.' Objs. 3.)

Statements regarding affidavits that Counsel required from Defendants to support the motions to set aside default are equally puzzling. According to the letter, by November 13, 2006, Counsel was "in the process" of "submitting the affidavit through the appropriate channels. . . ." (Letter 1.) Yet, in another submission to the Court, Defendants state that, "Upon receipt on December 5, 2006[,] of confirmation that . . . [C]ounsel had been retained, [C]ounsel forwarded draft affidavits to [D]efendants' managing director, Ste[f]aan Duchi." (Defs.' Reply 1.) The Court is aware that this apparent discrepancy may also be explained as being due to complications "in establishing a communications protocol with [Defendants'] attorney in Belgium." (Defs.' Objs. 3.)

Those explanations notwithstanding, the Court can fathom no winning argument as to why Defendants failed to raise the arguments regarding the letter with the Magistrate Judge. It is well established that issues raised for the first time in objections to the Magistrate Judge's recommendation are deemed waived. *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the [M]agistrate [Judge]"); *Borden v. Secretary of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that issues raised for the first time in objections to Magistrate Judge's recommendation were waived); *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988)

("[A]llowing parties to litigate fully their case before the [M]agistrate [Judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

In light of the foregoing decisional law, the Court declines to consider any argument concerning the letter in determining whether Defendants' motion to set aide the entry of default is appropriate.[*]  Therefore, Defendants' objections concerning the letter will be overruled.

The Court has carefully considered the remaining objections, but also finds them to be unavailing. Therefore, for the reasons set forth in the Magistrate Judge's comprehensive and well-reasoned Report, the Court will overrule those objections and deny Defendants' motions to set aside the entry of default.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendants' motions to set aside the entry of default must be **DENIED**.

**IT IS SO ORDERED**.

Signed this 2nd day of August, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[*]The Court notes, however, that the Court would not find for Defendants, even if it did consider the letter.